Bryant and others vs. Robbins and another.

BRYANT and others, Appellants, vs. ROBBINS and another, Respondents.

*October 1 — October 15, 1889.*

*Drainage of lands in Dane county: Findings: Evidence.*

The findings of the circuit court in a proceeding under ch. 525, Laws of 1887, for the drainage and reclamation of certain lands in Dane county, are *held* to be sustained by the evidence.

APPEAL from the Circuit Court for *Dane* County.

This is a proceeding under ch. 525, Laws of 1887, for the appointment of drainage commissioners, etc. The petition

was made by *George E. Bryant* and others. An answer thereto was filed by *James W. Robbins* and *John R. Baltzell,* the owners of the mill and water power at the outlet of Lake Mendota. The findings of the circuit court are stated in the opinion. The petitioners appeal from an order or judgment dismissing the proceeding.

For the appellants there was a brief by *Rogers & Hall,* and oral argument by *W. H. Rogers.*

For the respondents there was a brief by *Pinney & Sanborn,* and oral argument by *A. L. Sanborn.*

ORTON, J. This appeal brings before this court for review the findings and order dismissing the proceedings of the circuit court on the preliminary hearing of the petition, under the act "to amend chapter 442, Laws of 1885," entitled "An act to provide for drainage and reclamation of certain lands in Dane county," approved April 14, 1887, as ch. 525, Laws of 1887. The findings are as follows:

"Upon the question whether the work would be of public utility beyond any damages to individuals to result therefrom, I do not find that it would be of public utility beyond such damages. Upon the question of whether the public health would be likely to be improved thereby, I find that the public health would not be improved; but that for a considerable time it would be likely to be detrimental to the public health. Upon the question of whether any highways or public streets of any town or city would be benefited thereby, I find that the highways and streets of the city of Madison would be somewhat benefited; but such benefit would not be of as much value as mills and mill dams in Madison and Stoughton would be damaged. I do not find that the proposed system would be of permanent public benefit. I find that the costs, damages, and expenses would be less than the benefit which would result to the owners of the land likely to be benefited thereby. As a conclusion

of law, I find that the order asked for should be denied, and the proceedings dismissed."

On this preliminary inquiry there was much testimony taken, and on some of the questions it was contradictory. The witnesses were unusually intelligent, and experts in the matters concerning which they were examined. Special reference to this large volume of testimony is not necessary, or of any use. It is sufficient to say that, in our opinion, the testimony sustains the findings of the circuit court. At least there is no preponderance of the evidence against them. The most important finding is in respect to the public health. That seems to be sustained by the testimony of very able and intelligent medical witnesses. It would be useless to comment on this testimony, or recite it in this opinion. That finding seems to be sustained by overwhelming medical testimony.

It is an important question whether these findings are not conclusive with the circuit judge, for, if he had found the other way, it seems even then he might appoint commissioners, "if he deem proper." Sec. 2. But without passing upon that question, we think the findings are sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.